[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE COMPLAINT (DOCKET ENTRY NO. 116)
Before the court is the defendants' motion to strike the second count of the plaintiff's revised complaint. The plaintiff, Raphael Medina III, filed a revised two count complaint on August 4, 2000, against the defendants, Jerry J. Birts and Hogan Motors Leasing, Inc. (Hogan), alleging claims of negligence and recklessness stemming from a motor vehicle accident. In the complaint, the plaintiff alleges that he, while on duty as a Connecticut state trooper, pulled a vehicle over to the CT Page 14004 right shoulder of an off-ramp for a motor vehicle violation. Thereafter, a vehicle owned by Hogan and being operated by Birts struck both the vehicle that the plaintiff had pulled over and the plaintiff. On August 17, 2000, the defendants filed a motion to strike the second count of the plaintiff's complaint on the ground that the plaintiff fails to allege a legally sufficient claim for common law recklessness. Additionally, the defendants move to strike the plaintiff's separate prayer for compensatory damages, costs, damages, and double or treble damages under the second count. The defendants filed a memorandum in support of their motion. The plaintiff filed an objection to the motion to strike and an accompanying memorandum.
The purpose of a motion to strike "is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted . . . ." (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998) Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . ." (Citation omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293, (1997). "A motion to strike . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions. ." (Citation omitted; internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 694, 748 A.2d 834 (2000). In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997). A court may strike a claim for relief "only if the relief sought could not be legally awarded."Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998).[1]
In the second count of the complaint, the plaintiff alleges that Birts "veered onto the right shoulder striking the left rear of the pick-up truck Trooper Medina had stopped . . . continued on and struck Trooper Medina . . pinning him between both the tractor trailer and the pick-up truck Trooper Medina was standing next to." (Revised Complaint, second count, ¶ 3.) The plaintiff further alleges that "the conduct of the defendant . . . in the operation of his motor vehicle so as to strike the plaintiff, in the nontravel portion of the highway and his immediate departure from the scene amounted to reckless and wanton behavior." (Revised Complaint, second count, ¶ 5.) He adds that "[a]s a direct and proximate result of the aforementioned negligence and carelessness of . . Brits the plaintiff has suffered painful injuries and damages." (Revised Complaint, second count, ¶ 6.) CT Page 14005
The defendants argue that the plaintiff fails to allege sufficient facts in the second count to support a claim of common law recklessness. They argue that in this count the plaintiff merely reiterates the factual allegations set forth in the first count and labels the defendants' conduct as reckless. They contend that the plaintiff's allegations of recklessness in the second count do not differ from his allegations of negligence in the first count. The plaintiff responds that the factual allegations in the second count are sufficient to support a claim of recklessness.
"`There is a substantial difference between negligence and willful or malicious conduct, and a complaint should employ language explicit enough to inform the court and opposing counsel clearly that willful or malicious conduct is being asserted.'" Sidarweck v. Ouaezar, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345429 (November 26, 1997, Skolnick, J.), quoting Warner v. Leshe-ElhotConstructors, Inc., 194 Conn. 129, 138, 479 A.2d 231 (1984). Reckless misconduct is the same as wanton misconduct. West Haven v. Hartford Ins.Co., 221 Conn. 149, 160, 602 A.2d 988 (1992). In the context of common-law tort actions, claims for wanton, willful, intentional, malicious and reckless conduct are indistinguishable. Elhott v. Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). "In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . [Such conduct] is more than negligence, more than gross negligence." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 181, 749 A.2d 1147 (2000). Reckless misconduct is "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v. Waterbury, supra,245 Conn. at 415.
"To raise an allegation of willful conduct, the plaintiff must clearly plead that the accident was caused by the will of malicious conduct of the defendants." Warner v. Leshe-Elliot Constructors, Inc., supra,194 Conn. 139. The plaintiff "must allege facts demonstrating both egregious conduct and the requisite state of mind." Walters v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 549835, (November 15, 1999, Martin, J.). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Internal quotation marks omitted.)Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988) CT Page 14006
"In making a claim for willful or malicious conduct, the plaintiff must do more than merely incorporate those words into the complaint . . . . The complaint must make a specific allegation setting out the conduct that is claimed to be reckless or malicious . . . ." (Internal quotation marks omitted.) Sidarweck v. Ouaezar, Inc., supra, Superior Court, Docket No. 345429. A negligence count cannot be transformed into a "count for willful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v.Branford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987) "Additional factual allegations are necessary to alter the nature of conduct complained of from an action for negligence to an action for willful and wanton conduct." Just v. Aparo, Superior Court, judicial district of Middletown, Docket No. 065339 (April 23, 1993, Higgins, J.) (8 C.S.C.R. 542, 543). "If the plaintiff merely reiterates the facts from the negligence count and inserts the word reckless', a motion to strike is properly granted." Siegel v. Howell, Superior Court, judicial district of New Haven at New Haven, Docket No. 409394 (February 11, 1999, Moran, J.).
In the present case, the plaintiff has failed to allege facts in the second count that are specific enough to support a claim of recklessness. Specifically, the plaintiff does not allege any conduct by the defendants that is highly unreasonable or that is more than gross negligence. He has not alleged facts demonstrating that the defendants engaged in egregious conduct or had the requisite state of mind to constitute reckless misconduct. The language the plaintiff uses in paragraph five of the second count does not add "something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them."Shay v. Rossi, supra, 253 Conn. at 181. Therefore, the defendants' motion to strike the second count of the revised complaint as well as the prayer for relief as to be said count is granted.
Skolnick, J.